LAW OFFICE OF

# MICHAEL K. BACHRACH

276 FIFTH AVENUE, SUITE 501
NEW YORK, N.Y. 10001
---------------
TEL. (212) 929-0592 • FAX. (866) 328-1630

MICHAEL K. BACHRACH *                                          http://www.mbachlaw.com
* admitted in N.Y. and D.C.                                    michael@mbachlaw.com

April 25, 2014

By ECF
Hard copy to follow by mail

AUSA Seth D. DuCharme
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

*Re: United States v. Agron Hasbajrami*
*Criminal Docket No. 11-cr-623 (JG)*
*Civil Docket No. 13-cv-6852 (JG)*

Dear Mr. DuCharme:

We represent the defendant, Agron Hasbajrami, in the above-referenced matters and write to request information that is necessary to provide the defendant with effective representation pursuant to the Sixth Amendment of the United States Constitution.

On February 24, 2014, the Government provided the defendant with notice, post-sentencing and for the very first time, that "pursuant to 50 U.S.C. §§ 1806(c) and 1881e(a), the government intended to offer into evidence or otherwise use or disclose in proceedings [related to the defendant's prosecution] information derived from acquisition of foreign intelligence information conducted pursuant to the Foreign Intelligence Surveillance Act of 1978, as amended, 50 U.S.C. § 1881a" (*ecf* #65 at 1, filed under 11 Cr. 623 [S-1] [JG]). More specifically, the Government's post-sentencing notice alerted the defendant for the very first time "that certain evidence and information, obtained or derived from Title I or III FISA collection, that the government intended to offer into evidence or otherwise use or disclose in proceedings in this case was derived from acquisition of foreign intelligence information conducted pursuant to [the FISA Amendments Act ["FAA"]," i.e., warrantless FISA wiretaps targeting the electronic communications of non-U.S. persons located outside of the United States.

Counsel has since learned that there are just two other cases besides Hasbajrami, nationwide, in which the Government has filed such a supplemental notice: United States v. Mohamud, 10-cr-475 (KI), which is pending in the District of Oregon, and United States v. Muhtorov, 12-cr-33 (JLK), which is pending in the District of Colorado. Mohamud is post-trial but pre-sentence while Muhtorov is in pretrial discovery proceedings. After reviewing the related litigation in these cases, it appears that there are at least three areas of legal challenge that Mr.

Hasbajrami might assert as a result of the government's belated notice that it used evidence derived from surveillance under the FAA:

1. Whether the FAA is unconstitutional on its face and as applied.  Before the notice was provided, Mr. Hasbajrami did not know he was an "aggrieved party" with standing to challenge the constitutionality of the FAA, because he did not know that this statute was used to gather information about him. See Clapper v. Amnesty Int'l USA, 133 S.Ct. 1138, 1154-55 (2013) (plaintiff did not have standing to challenge the FAA's constitutionality, but a person charged in a criminal case who received notice could do so).  Discovery on precisely how the statute has been applied against Mr. Hasbajrami in this case is required in advance to allow the arguments to be based upon facts rather than speculation on how the evidence might have impacted the knowing and voluntary nature of Mr. Hasbajrami's guilty plea.

2. Whether the Government complied with the statutory requirements of the FAA.  Even if Constitutional, surveillance under the FAA may have been unlawful – and the fruits subject to suppression – if the Government failed to follow the strict procedural requirements of the statute.  Discovery is required concerning the specific procedures (e.g., "targeting" and "minimization") in place at the time of the surveillance of Mr. Hasbajrami, the Government's compliance with those procedures, and other factual issues, including access to and analysis of the information captured under the FAA.

3. Whether the withheld surveillance evidence tainted pretrial proceedings, and what consequences should flow from the intentional withholding of such evidence is also material and relevant to the question of whether the defendant's guilty plea may be vacated at this time.  The new notice that the Government engaged in warrantless surveillance of Mr. Hasbajrami under the FAA is inconsistent with the Government's pre-plea disclosures and representations, and as such may have impacted the knowing and voluntary nature of Hasbajrami's guilty plea.  At a minimum, the recent disclosure, assuming it relates to material facts, which, upon information and belief it does, requires reconsideration of earlier decisions made by the defendant including his decision to plead guilty in this case.

An answer to all of these questions impacts the underlying determination of whether the defendant's guilty plea was knowingly and voluntarily entered into and whether or not the defendant's waiver of certain rights in his plea agreement with the Government can be enforced. To that end, in light of the fact that the Government's February 24, 2014 notice contradicts representations that had been made during the defendant's pre-plea proceedings, we also submit the following specific discovery demands:

4. Disclose to defense counsel the "foreign intelligence information" referenced in the Government's February 24, 2014 letter.

5. To the extent the "foreign intelligence information" referenced in the Government's February 24, 2014 letter includes recordings of or relating to the defendant's

prosecution, and to the extent available, provide transcripts – both in the native language and translated into English – of any and all such recordings.

6. Identify what "evidence and information" was derived from the warrantless wiretaps (i.e., the FAA).

7. Identify what "evidence and information" was derived from the warrantless wiretaps (i.e., the FAA) that was also thereafter relied upon in support of subsequent Title I and Title III FISA warrant application relevant to the defendant herein.

8. Disclose whether the FAA wiretaps relied upon against Hasbajrami intentionally targeted the defendant (see 18 U.S.C. §§ 1881a[b][1], 1881a[b][2]).

9. Disclose whether the FAA wiretaps relied upon against Hasbajrami intentionally targeted "a United States person reasonably believed to be located outside of the United States" (18 U.S.C. § 1881a[b][3]).

10. Disclose whether the FAA wiretaps relied upon against Hasbajrami "intentionally acquire[d] any communication as to which the sender and all intended recipients [were] known at the time of the acquisition to be located in the United States" (18 U.S.C. § 1881a[b][4]).

11. Disclose whether the Government has any reason to believe that the FAA wiretaps relied upon against Hasbajrami were not "conducted in a manner consistent with the fourth amendment to the Constitution of the United States" (18 U.S.C. §§ 1881a[b][5]).

12. And provide copies of all FISA warrants and FISA warrant applications not previously disclosed to the defense in this case.

We note that it is the defendant's position that the information requested below is necessary and essential to determine whether the Government's warrantless wiretaping of the defendant, and concomitant failure to provide pre-plea notice of such wiretaps, violated the defendant's Constitutional rights under the Fourth Amendment and/or in any other way undermined the knowing and voluntary nature of Mr. Hasbajrami's guilty plea.

In the defendant's view the Government's February 24, 2014, notice may provide a basis for which the defendant may seek to withdraw his guilty plea or otherwise challenge his conviction and sentence, however until counsel have been provided the opportunity to review and evaluate the previously suppressed information it is impossible for defense counsel to determine what form of post-plea and post-sentencing relief is warranted and should be sought.

We note that both defense attorneys appointed to represent the defendant in this case have passed 10-year security clearance background checks that permits them access to the materials requested herein. And we respectfully submit that the undersigned have a "need to know" the

AUSA Seth D. DuCharme
April 25, 2014
Page 4 of 4

information requested herein, as that term is understood under the Classified Information Procedures Act and the Foreign Intelligence Surveillance Act.  As such, to the extent that the material in question is classified, we have no objection to receiving the material pursuant to a Protective Order that complies with the procedures outlined therein.

Finally, we note that the defense entirely disagrees with the Government's belief that the defendant previously waived his right to withdraw his guilty plea and/or otherwise challenge his conviction and sentence.   That being said, prior to filing a motion that might be resolved through the conference of counsel, pursuant to Local Criminal Rule 16.1 we provide these written discovery demands in an effort to resolve some or all of these disputes prior to the intervention of the Court.

Respectfully submitted,

Michael K. Bachrach
Steve Zissou
*Attorneys for Defendant Agron Hasbajrami*

MKB/mb

cc:      The Honorable John Gleeson (courtesy copy by mail)