UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-versus-

AGRON HASBAJRAMI,

Defendant.

11-CR-623 (JG)

# PROTECTIVE ORDER PURSUANT TO SECTION 4 OF THE CLASSIFIED INFORMATION PROCEDURES ACT AND RULE 16 (d) (1) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

JOHN GLEESON, United States District Judge:

This action is before the Court on the government's Classified, Ex Parte, In Camera Motion for a Protective Order pursuant to Section 4 of the Classified Information Procedures Act 18 U.S.C. App. III ("CIPA") and Rule 16 (d) (1) of the Federal Rules of Criminal Procedure ("Submission") filed on January 9, 2015.  The Court conducted multiple *in camera*, *ex parte* conferences with government counsel and certain law enforcement officers.  The Court has made certain suggestions to the government regarding the scope of the information to be provided to cleared defense counsel in the proposed summaries ("S1" & "S2").  Although one of the summaries may be expanded, the government has provided defense counsel with the original summaries as per my February 20, 2015 ECF order. *See* DE 109.

After *ex parte*, *in camera* inspection and consideration of the Submission, I find, pursuant to Section 4 of CIPA and Rule 16 (d) (1), that the government's Submission contains classified information that requires protection against unauthorized disclosure for reasons of national security.  Specifically, I find that disclosure of the classified documents to the defense,

or to the public, reasonably could be expected to cause serious damage, in some instances, exceptionally grave damage, to national security.

The First Amendment right of access to court documents may be curtailed in favor of a compelling governmental interest provided that the limitation on access is "narrowly tailored to serve that interest." *Globe Newspaper Co. v. Superior Ct.*, 457 U.S. 596, 606-07 (1982); *see also Press-Enterprise Co. v. Superior Ct.*, 464 U.S. 501, 510 (1984) (citing *id.*) ("The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest."); *Nixon v. Warner Comm'n, Inc.*, 435 U.S. 589, 598 (1978) (common law right of access may be outweighed by an important competing interest). I find that the government's interest in protecting the unnecessary dissemination of classified information outweighs the defendant's and/or the public's right of access to these materials. *See Haig v. Agee*, 453 U.S. 280, 307 (1981) (citations omitted) ("[N]o governmental interest is more compelling than the security of the Nation."); *Snepp v. United States*, 444 U.S. 507, 509 n.3 (1980) (citation omitted) ("The Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service.").

I also find that the government's Submission is so interrelated with classified information as to make impracticable the filing of meaningful redacted materials that do not divulge classified information. No less reasonable alternative to closure and sealing will protect the government's interest in preventing the unauthorized dissemination of this information, and this sealing order is drawn as narrowly as possible under the circumstances. The government seeks a protective order against disclosure to the defense because that information is not

discoverable under applicable law. Disclosure of the motion or accompanying materials to the defense or the public would defeat the government's purpose in seeking a protective order.

Therefore, IT IS HEREBY ORDERED that the government's Submission may be filed *ex parte* for *in camera* consideration and shall be sealed and maintained in a facility appropriate for the storage of classified information at the identified level by the Classified Information Security Officer as the designee of the Clerk of Court, in accordance with established security procedures, until further order of this Court.

After *ex parte*, *in camera* inspection and consideration of the Submission, IT IS HEREBY ORDERED that the government's motion is GRANTED pursuant to Section 4 of CIPA and Rule 16 (d) (1).

I find that the classified information sought to be protected by substitution or deletion is either not discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, or under Federal Rule of Criminal Procedure 16; or that such discovery value is outweighed by the potential danger to national security that might ensue after disclosure.

Therefore, consistent with my February 20, 2015 order, IT IS FURTHER ORDERED that the government's classified summaries are hereby SUBSTITUTED for the specific classified information at issue. The government has disclosed to the defense the summaries in the form proposed in the Submission and need not disclose the classified documents upon which the summaries are based.[1]

---

[1] As noted above, one of the summaries may be expanded, which the Court will address in a subsequent order as necessary.

       IT IS HEREBY FURTHER ORDERED that the government need not disclose to the defense the original classified materials described in the Submission.

       So ordered.

       John Gleeson, U.S.D.J.

Dated: March 3, 2015
      Brooklyn, New York