1

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK
   - - - - - - - - - - - - - - - X
   UNITED STATES OF AMERICA,      :
                                  :  11-CR-623
                                  :  (JG)
                                  :
        -against-                 :
                                  :
                                  :  United States Courthouse
                                  :  Brooklyn, New York
                                  :
   AGRON HASBAJRAMI,              :  Monday, March 2, 2015
                                  :  3:30 p.m.
             DEFENDANT.           :
                                  :
   - - - - - - - - - - - - - - - X
```

         TRANSCRIPT OF CRIMINAL CAUSE FOR STATUS CONFERENCE
               BEFORE THE HONORABLE JOHN GLEESON
               UNITED STATES DISTRICT COURT JUDGE

                        A P P E A R A N C E S:

| For the Government: | LORETTA E. LYNCH, ESQ.<br>United States Attorney<br>BY: **SETH D. DUCHARME, ESQ.**<br>    **SARITHA KOMATIREDDY, ESQ.**<br>    Assistant United States Attorneys |
|---|---|
| For the Defendant<br>Agron Hasbajrami: | BY: **STEVE ZISSOU, ESQ.**<br>    **MICHAEL K. BACHRACH, ESQ.** |
| Also Present: | **DANYA ATIYEH**,<br>Department of Justice |
| | ALBANIAN TOSK LANGUAGE INTERPRETING<br>BY:  **UK LUSHI** |

Courtroom Deputy: **Ilene Lee**

Court Reporter:   **Mary Agnes Drury, RPR**
                  Telephone: (718) 613-2615
                  E-mail:  Mad78910@yahoo.com

Proceedings recorded by computerized stenography.  Transcript produced by Computer-aided Transcription.

*Mary Agnes Drury, RPR*
*Official Court Reporter*

PROCEEDINGS 2

1           (In open court.)

2           (Defendant present in open court.)

3           COURTROOM DEPUTY:  All rise, the United States
4    District Court for the Eastern District of New York is now
5    in session, the Honorable John Gleeson is now presiding.

6           (Honorable John Gleeson takes the bench.)

7           COURTROOM DEPUTY:  Calling Criminal Cause for
8    Status Conference in Docket No. 11-CR-623, *United States of*
9    *America against Agron Hasbajrami.*

10          THE COURT:  Will counsel please state their
11   appearances for the record, please.

12          MR. DuCHARME:  For the United States, Seth
13   DuCharme, and I'm joined by Saritha Komatireddy and Danya
14   Atiyeh from the National Security Division.  Good afternoon,
15   your Honor.

16          MR. ZISSOU:  Steve Zissou and Michael Bachrach for
17   Mr. Hasbajrami.

18          THE COURT:  Good afternoon.  Please swear
19   interpreter in.

20          (Interpreter was sworn in.)

21          THE COURT:  Okay.  I put this on because I have
22   denied the motion to suppress and in the docket entry doing
23   so gave you some food for thought.  I thought I'd touch base
24   with you on your thoughts about how we're going to proceed.

25          We've obviously got a little bit of business left

| | | |
|---|---|---|
| 1 | to transact in connection with the CIPA Section 4, and then | 03:48 |
| 2 | we have either a trial date or a disposition. | 03:48 |
| 3 | It's an unusually postured case.  Obviously, the | 03:48 |
| 4 | defendant pled guilty and was sentenced, but the case was | 03:49 |
| 5 | exhumed as far as the proceedings by me were concerned.  Now | 03:49 |
| 6 | we've gotten a resolution and I wonder what you think, | 03:49 |
| 7 | that's why I asked you.  Maybe you can share that with me. | 03:49 |
| 8 | MR. ZISSOU:  Well, Judge, I'm happy to go first. | 03:49 |
| 9 | Obviously as you know, it was our publicly-filed | 03:49 |
| 10 | recommendation that Mr. Hasbajrami not proceed with the | 03:49 |
| 11 | underlying motion.  So it makes sense, obviously -- it's | 03:49 |
| 12 | obvious that our view is we would embrace your Honor's | 03:49 |
| 13 | suggestion.  We think it's a fair one, to be sure, and I'd | 03:49 |
| 14 | certainly recommended it to him. | 03:49 |
| 15 | We have just commenced that discussion with him. | 03:49 |
| 16 | We met with him on Friday at length.  Obviously, as you | 03:49 |
| 17 | know, it takes a little time to wrap your head around it | 03:49 |
| 18 | when you're in the position that he is in, so I know that he | 03:49 |
| 19 | still has some questions about it, but just as counsel, we | 03:49 |
| 20 | think that it was a reasonable and prudent one that the | 03:50 |
| 21 | Court suggested.  We think it's fair, and our recommendation | 03:50 |
| 22 | is for him to accept it.  And we would encourage the | 03:50 |
| 23 | government to make it available. | 03:50 |
| 24 | THE COURT:  Yeah, I'm not a position to make that | 03:50 |
| 25 | course available.  So why don't we hear from the people who | 03:50 |

1  are.
2           MR. DuCHARME:  Sure.  Your Honor, in short, we
3  don't have a final position yet with respect to the -- what
4  a plea offer might be at this juncture in the case.
5  Mr. Zissou and I have spoken about it conceptually,
6  certainly.  The issue has been raised both in our office and
7  with the National Security Division.
8           I think, you know, to the extent that we're going
9  to make another plea offer, I think we can make that
10 relatively soon, we have a decision maybe in the next couple
11 of weeks, to see whether or not it makes sense to proceed to
12 trial or not.
13          Having been down this road before, I'm reluctant
14 to be optimistic about the fact that the case could be
15 resolved by plea, and so we are certainly preparing to
16 proceed to trial with that possible eventuality.
17          But maybe it makes sense, Judge, to -- if you'd
18 like, either we can set a date by which we can communicate
19 to the Court whether a plea offer has been extended or we
20 can come back before you and give you an update or whatever
21 your preference.
22          THE COURT:  There is no need to schlep back in,
23 just let me know.  In the meantime, I'm going to assume that
24 we're going forward.  And what can you tell me in terms of
25 what can reasonably be expected.  If you try this case, are

|     |                                                                      |       |
| --- | -------------------------------------------------------------------- | ----- |
| 1   | there going to be any applications under Rule 15 for                 | 03:51 |
| 2   | example?                                                             | 03:51 |
| 3   |     MR. DuCHARME:  No.                           | 03:51 |
| 4   |     MR. ZISSOU:  I don't anticipate that either, | 03:51 |
| 5   | Judge.                                                               | 03:51 |
| 6   |     THE COURT:  All right.                       | 03:51 |
| 7   |     MR. ZISSOU:  There is -- we should share with you | 03:51 |
| 8   | -- I'm sorry, was your Honor finished?                               | 03:51 |
| 9   |     THE COURT:  No, go ahead.                    | 03:51 |
| 10  |     MR. ZISSOU:  There has been some recent classified | 03:51 |
| 11  | disclosure that is of a quality that I won't describe out of         | 03:52 |
| 12  | the CIPA section, but that is of a quality materially                | 03:52 |
| 13  | different than what we had prior to the last time we                 | 03:52 |
| 14  | litigated the case before your Honor, before the guilty              | 03:52 |
| 15  | plea.  That material is not in a format that either                  | 03:52 |
| 16  | Mr. Bachrach or I could understand, and will result in our           | 03:52 |
| 17  | need for at least two additional cleared personnel who could         | 03:52 |
| 18  | explain what's on it to us.                                          | 03:52 |
| 19  |     Frankly, we don't even -- we can't appreciate the | 03:52 |
| 20  | scope of it.  One of the things we've done is asked one of           | 03:52 |
| 21  | the attorneys for the government for them to consider                | 03:52 |
| 22  | allowing us to discuss it with our client, because in the            | 03:52 |
| 23  | absence of that, it would -- I think it would put a                  | 03:53 |
| 24  | difficult -- it would make it difficult for us, I should             | 03:53 |
| 25  | say, to adequately prepare, so -- there are some new things          | 03:53 |

going on.  At the same time, I'm not unmindful of the fact that the case has gotten whiskers on it, as your Honor pointed out the last time.

We're not a position to say to you, here is what we're going to produce.  This is a lot of new material that is directly related to the client, it's not far afield, it's close.  So we have a funding order before the Court that your Honor is considering, we'll have to add to that.  We've invited Mr. Dratel who you know is present in court today, he assisted on the submissions.  We invited him to be present in the event that your Honor was inclined to have a shorter trial schedule or if you were going to set a trial schedule for today.

Obviously, we can comply with whatever direction your Honor sets.  We would need the support, obviously.  So I guess what my suggestion is, rather than you fixing a trial date, it might be better if your Honor fixed a further status conference.  Hopefully, by then.  We've worked out the discovery issues.  And if not, we can bring it to your Honor's attention for your own resolution.

THE COURT:  When was the funding order filed or a request for a funding order?

MR. BACHRACH:  Approximately two weeks ago, your Honor.  I would have to double check.

MR. ZISSOU:  It was actually a sealed file.

1    THE COURT:  It doesn't ring a bell with me.  Have 03:54
2 you seen it? 03:54
3    LAW CLERK:  I'm not sure. 03:54
4    THE COURT:  I'm sure there are some judges for 03:54
5 whom what you just said is acceptable, but it's too opaque 03:54
6 for me.  Is it a funding request? 03:54
7    MR. ZISSOU:  Yes, funding interpreters and the 03:55
8 like, paralegal. 03:55
9    THE COURT:  We'll find it and take a look at it. 03:55
10   MR. ZISSOU:  Depending on what your Honor decides 03:55
11 today, we'll probably have to supplement it depending on, 03:55
12 again, the schedule your Honor so suggests. 03:55
13       My own preference would be, since I think your 03:55
14 Honor's suggestion was a fair one, and I think under all the 03:55
15 circumstances it's appropriate, we've made our reasons why 03:55
16 clear to the attorney for the government, it would seem to 03:55
17 me it would be prudent to allow the parties a sufficient 03:55
18 opportunity to resolve that, before you fix a trial date. 03:55
19 But again, as your Honor knows, we'll comply with whatever 03:55
20 directive we have. 03:55
21   THE COURT:  Right.  Okay.  I think we are going to 03:55
22 we need to plan.  How long is this trial going to take, if 03:55
23 you have to try it? 03:55
24   MR. DuCHARME:  A week to two weeks from start to 03:55
25 finish, Judge. 03:55

1    THE COURT:  Yeah, I think we ought to pick a date      03:55
2    so we can all plan around it and have it sufficiently far   03:56
3    out so that we leave enough room to take care of what we've  03:56
4    got to take care of in the meantime.                   03:56
5         Ilene, what are the jury return dates in the month   03:56
6    of July?                                               03:56
7         COURTROOM DEPUTY:  July 13th and the 27th.        03:56
8         THE COURT:  And prior to the 13th, in June?       03:56
9         COURTROOM DEPUTY:  June 29th.                     03:56
10        MR. ZISSOU:  Does September catch your eye, Judge?  03:56
11        THE COURT:  No, it doesn't.  So let's -- why don't  03:56
12   we plan around June 29th.                              03:56
13        MR. ZISSOU:  I'm not sure I can accommodate that,  03:56
14   Judge.  I have a trial that's -- could I just have a moment,  03:56
15   your Honor?                                            03:56
16        THE COURT:  Sure.                                 03:56
17        (Pause.)                                          03:56
18        MR. ZISSOU:  Oh, I'm sorry, Judge, I beg your     03:57
19   pardon.  I had something with Judge Johnson and that was  03:57
20   rescheduled to September, so I'm glad that didn't adopt  03:57
21   September.  July 27th would be --                      03:57
22        THE COURT:  It would be two days earlier, I think  03:57
23   then.                                                  03:57
24        MR. ZISSOU:  We're talking about July?            03:57
25        THE COURT:  No, I was talking about June,        03:57

PROCEEDINGS                                                9

1   June 29th.
2           MR. ZISSOU:  July 27th?
3           THE COURT:  No.  June.
4           MR. ZISSOU:  No.  I'm saying the other "J" month.
5           THE COURT:  No, I'm going to be out the last week
6   of July, most of that week.  So let's get the case tried.
7   It's been around forever, if it survives this potential
8   resolution and condition.  Obviously, the impetus for that
9   suggestion is fair is fair, belated disclosure of the
10  Rule 702 or the Section 702 surveillance gave them a shot.
11  I'll get an opinion, it doesn't matter too much what I
12  write, sort of get it up to the Court of Appeals, it seems
13  to me.
14          MR. DuCHARME:  Judge, with respect to the
15  June 29th trial date, if that is the trial, it likely won't
16  be me, but we have many able bodied prosecutors in our
17  office, so that should not be determinative.  I wanted to
18  apprise the Court.
19          THE COURT:  It's not, but I'm curious, what date
20  might be set that results in it being you?
21          MR. DuCHARME:  Well, I think you said the other
22  return dates were July 13th and July 27th?
23          THE COURT:  Yes.
24          MR. DuCHARME:  The 13th or the 27th, it could be
25  me.

*Mary Agnes Drury, RPR*
*Official Court Reporter*

1  THE COURT:  Could we get the case in before the
2  end of the -- could we get the case in within two weeks?
3  MR. DuCHARME:  Yes, your Honor.  I think the
4  government's case will be five days at most.
5  THE COURT:  You wanted it in July, right?
6  MR. ZISSOU:  I did, Judge.  I'm just thinking of
7  dates that pop into my head.  Would your Honor -- could we
8  invite Mr. Rucker up here to get his input as to -- we're
9  going to need a Turkish-cleared interpreter and an
10 Albanian-cleared interpreter.
11 THE COURT:  You can talk to him about that.  If
12 you've got a problem, you can bring it to my attention.
13 MR. ZISSOU:  Will do.
14 THE COURT:  All right.  Let's go July 13th.  It
15 gives you half a loaf and it gets us Mr. DuCharme, it's a
16 win-win.
17 MR. ZISSOU:  I would not want to proceed without
18 him.
19 MR. DuCHARME:  Thanks, Judge.
20 THE COURT:  What else?  What's in my court?
21 Obviously I owe you an opinion, but you'll get that in due
22 course.  What's in my court?
23 MR. DuCHARME:  I think we're just resolving the
24 CIPA issues, your Honor.
25 THE COURT:  How are we doing on that?

PROCEEDINGS 11

1    MR. DuCHARME: We're making progress, your Honor, 04:00
2    that's all I can say publicly. 04:00
3    THE COURT: Can you give me a timeframe hint? 04:00
4    MS. KOMATIREDDY: We'll make the timeframe that 04:00
5    you suggested, your Honor. 04:00
6    THE COURT: Remind me what that was. 04:00
7    MR. DuCHARME: That was 30 days, right? 04:00
8    MS. KOMATIREDDY: March 12th. 04:00
9    THE COURT: Got it. Okay. What other motions? 04:00
10   There are some motions that have not been decided that are 04:00
11   just stuff out there, 3500. Is there anything you really 04:00
12   want to bring to my attention now? 04:00
13   MR. ZISSOU: Not at the moment, Judge, but we're 04:00
14   certainly going to go over the new material and if something 04:00
15   comes up, we'll certainly bring it to your Honor's 04:00
16   attention. 04:00
17   THE COURT: Okay. 04:01
18   MR. ZISSOU: Did you want to pick a status 04:01
19   conference for various reasons? 04:01
20   THE COURT: Yeah, I don't know, what did you think 04:01
21   makes sense? 04:01
22   MR. ZISSOU: I'm thinking probably a month, if 04:01
23   there are CIPA issues they are classified or clearance 04:01
24   issues, we'll have it resolved by then. 04:01
25   THE COURT: Okay. Ilene, and forgive me, I 04:01

*Mary Agnes Drury, RPR*
*Official Court Reporter*

```
                    PROCEEDINGS                          12
```

1    haven't seen this order, I'm sure it's hanging around                04:01
2    somewhere, if we can't find it, we'll call you.                      04:01
3            COURTROOM DEPUTY:  April 9th at 2:00.                        04:01
4            THE COURT:  All right?                                       04:01
5            MR. ZISSOU:  That's fine, Judge.  Thank you.                 04:01
6            THE COURT:  Has this case been declared complex?             04:01
7            MR. ZISSOU:  Many times.                                     04:01
8            THE COURT:  I'll declare it again a complex case             04:01
9    for speedy trial purposes.                                           04:01
10           MR. ZISSOU:  I join in the request.                          04:01
11           THE COURT:  Does that bring us to the conclusion             04:01
12   of these proceedings?                                                04:01
13           MR. DuCHARME:  I think it does, your Honor.                  04:02
14           THE COURT:  Always a pleasure to see you all.                04:02
15           (Proceedings adjourned at 4:02 p.m.)                         04:02
16                                                                       04:02
17                           *****                                        04:02
18                                                                       04:02